FILED
November 16, 2011
CLERK, U.S. BANKRUPTCY COURT
EASTERN DISTRICT OF CALIFORNIA
0003904880

LAW OFFICES OF JOHN C. KYLE
John Calvin Kyle, Esq. 81391
Gregory J. Smith, Esq 114576
5651 North Pershing Avenue, Suite A-3
P.O. Box 7007
Stockton, California 95267-0007
(209) 956-9698/facsimile (209) 956-9697

Attorney for Debtors
ARONNA, ROQUE ALBERTO
FINKE-ARONNA, ROBYN DENISE

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF CALIFORNIA

IN RE: ) Case No.: 11-36368-7
ARONNA, ROQUE ALBERTO ) DC NO: JCK-001
FINKE-ARONNA, ROBYN DENISE) In Proceedings Under Chapter 7
)
) Date: December 13, 2011
) Time: 9:32 AM
) Department: B
) Courtroom: 32, 6th Floor
) Location: U.S. Bankruptcy Court
) 501 "I" Street
) Sacramento, California
Debtors ) Judge: Thomas C. Holman

**DEBTORS' MOTION FOR ABANDONMENT AND TURNOVER**

1. Roque and Robyn Aronna filed this Chapter 7 bankruptcy on June 30, 2011.

2. On the originally filed Schedule B, item 2, Robyn disclosed that she was "on Father's account for beneficiary purposes". Under the column " Current Value of Debtor's Interest in Property", $ 0.00 was listed. On the originally filed Schedule C, the Debtors only used $ 7,217.00 of the C.C.P. §703.140(B)(1) & (5) $ 23,250 wildcard exemption.

3. The Father's Bank Account was briefly discussed with the Chapter 7 Trustee, Irma C. Edmonds, at the Aronna's First Meeting of Creditors on August 8, 2011.

4. Initially a "Notice of Filing Report of No Distribution" was filed on August 12, 2011. However, a "Notice to File Proof of Claim" was then filed on September 16, 2011.

5. It was later learned that on October 12, 2011, Wells Fargo Bank transferred $ 17,560.54 out of the Father's Account to Irma C. Edmonds. Ms. Edmonds is still holding onto these funds in her trust account.

6. On October 19, 2011, Debtors amended their Schedules B and C. Item 2 now states"Wells Fargo Bank co-debtor is on father's account for convenience purposes only. Money 100% legally and equitably is property of the father." Under the column value of the property the $ 17,560.54 is listed. On Schedule C, the Debtors use the remaining wildcard to exempt $ 16,033.00 of the $ 17,560.54 that was seized.

7. A copy of the Father's checking account is attached as Exhibit "A". The Account lists co-debtors' Parents, Marilyn and Robert Finke, co-debtor's sister, Sheila Stevens, and co-debtor Robyn Aronna.

8. The funds belong exclusively to Mr. And Mrs. Finke. Robyn is on the account for convenience only. For example, when her dad is out of the country, she can still write checks to make sure his bills are paid.

9. If Robyn had taken her parent's money to pay her personal bills, that would be a breach of fiduciary duty, if not outright theft.

In conclusion, Debtors assert that the $ 17,560.54 is not property of the bankruptcy estate and should be turned over to Mr. And Mrs. Finke. If construed as property of the estate, then Robyn Aronna Asserts, she only has a 25% interest and on that basis all monies should be returned. At a minimum, Debtors' good faith amendment to claim the unused wildcard exemption of $ 16,033.00 should be acknowledged. Thus, the $ 16,033 is of inconsequential value or burdensome to the estate, the trustee should be ordered to abandon any interest therein and should return the $ 16,033.

Dated: November 15, 2011   /s/ (Gregory J. Smith, Esq.)
JOHN CALVIN KYLE, Esq
GREGORY J. SMITH, Esq
Attorneys for Debtors